STANLEY COMPANY OF AMERICA *v.* JOHN ANDERSON, Constable.

*(October 31, 1935.)*

LAYTON, C. J., RICHARDS and REINHARDT, J. J., sitting.

*Ivan Culbertson* for petitioner.

*Harry Rubenstein* for respondent.

Superior Court for New Castle County, September Term, 1935.

LAYTON, C. J., delivering the opinion of the Court:

The power of the Court, under *Section* 3726, *Revised Code* 1915, to examine, correct and punish omissions, neglects and defaults of justices of the peace and other officers, is invoked by this petition.

The agreed facts are, that the respondent, a constable of New Castle County, as bailiff of the petitioner, distrained upon goods of its lessee and duly sold them for the sum of $135.25; that immediately prior to the sale, two persons, having statutory wage preference claims against the lessee, each in the sum of $50.00, notified verbally the respondent of their claims; that the respondent conducting the sale gave no notice to the assembled bidders of the existence of the preference claims; and that, thereafter, the respondent conducted a hearing and allowed the claims over the objection of the petitioner who claimed that fund should be applied to the arrears of rent.

The wage preference statute, *Section* 4332 of the Code, provides, that in New Castle County, all debts or claims that may become due or growing due for labor or services rendered by any mechanic, laborer, clerk or other employee of any person, company or association, shall be the first lien upon all the real and personal property of the employer, and shall be the first to be satisfied out of the proceeds of sale of such property, provided that the debt or claim shall not exceed the wages of the claimant for one month, and in no event shall exceed the sum of $50.00. The statute proceeds to enact that

"Notice of such claim or debt shall be given to the coroner, sheriff, constable, assignee, or other person who shall make or conduct the sale of property subject to the lien or preference. * * *"

The statute does not provide the manner or form of notice, nor the time when it shall be given; but it is not contended that the notice is required to be in writing, or in writing verified by affidavit, nor that verbal notice to the officer or person conducting the sale is not a compliance with the statute; and a reasonable construction of the statute is that notice of the claim shall be given before the sale, which seems to have been the view of this Court in *Lupton v. Hughes, 2 Penn.* 515, 47 *A.* 624.

The contention of the petitioner is, that to establish the lien or preference, two things are required, notice of the claim to the officer or person conducting the sale, and announcement thereof by such officer or person to the assembled bidders. It insists that the language of the statute, "who shall make or conduct the sale of property subject to the lien or preference," expressly and definitely requires the announcement of the existence of preference claims as a necessary element in the establishment of the lien or preference.

We do not agree with this contention. The purpose of the statute is in the interest of and for the protection of wage earners. It is expressly provided that wages, to a limited amount, shall be a lien on the property of the employer and shall be the first to be satisfied out of the proceeds of sale.

By the statute, labor or service rendered and not paid for gives rise to an inchoate lien upon the property of the employer, which becomes perfected and established by notice to the officer or person who may be about to conduct a sale of the property. Notice of the claim having been given, and the lien or preference implemented, the person conducting the sale, by his omission or neglect, cannot disestablish the lien or preference, assuming that failure to announce the existence of preference claims is an omission or neglect; for, if so, no matter how diligent one may be to protect his preference claim, his effort and diligence are nullified by the omission of the person conducting the sale over whom the claimant has no right of direction or control. Such construction of the act designed to protect wage earners would be harsh and unreasonable.

If the legislature had intended announcement of the existence of a preference claim to be a structural part of

the lien or preference, it could, and doubtless would, have expressed its purpose.

The words, "subject to the lien or preference," are descriptive of the property to be sold, and are not to be considered as having to do with the establishment of the lien or preference.

Usually, a bidder at a sale has no interest in the disposition of its proceeds, and is not concerned with the existence of liens or preference claims against the fund. If, for any reason, the bidder is interested in the distribution of the proceeds, and bids to protect his interest, proper caution requires him to make inquiry to ascertain the existence or non-existence of liens or preferences.

Ordinarily, and in the absence of statute or rule, liens against the proceeds are not announced by the officer conducting the sale.

As the matter rests, the respondent has not been guilty of omission, neglect or default, and the petition must be dismissed with costs upon the petitioner; and it is so ordered.